IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>LUIS A. SERRANO | CRIMINAL ACTION<br>NO. 12-452 |

**Pappert, J.**                                                                                 **November 18, 2025**

### MEMORANDUM

    Luis Serrano pled guilty to being a felon in possession of a firearm. Judge DuBois sentenced him to fifteen years' incarceration and three years of supervised release. Serrano now moves for early termination of his supervised release and the Court denies the motion.

I

    A district court may, after considering a subset of the sentencing factors in 18 U.S.C. § 3553(a), terminate supervised release if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The relevant sentencing factors include: the nature and circumstances of the defendant's offense, the defendant's criminal history, the need to deter criminal conduct, the need to protect the public from future crimes of the defendant, the kinds of sentence and sentencing range established for the defendant's crimes, pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities and the need to provide restitution. *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The "expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a range

1

of circumstances when determining whether to grant early termination." *Id.* (internal quotation marks and citation omitted).

A

The relevant sentencing factors do not support early termination of supervised release. First, the nature and circumstances of Serrano's offense—felony possession of a firearm—were serious. According to the Presentence Investigation Report, Philadelphia police officers responded to a call that numerous individuals were carrying guns outside of a bar. (Presentence Investigation Report ¶ 5.) Someone told the officers Serrano was "up the street with a gun, standing near a tan minivan." (*Id.* ¶ 7.) When officers spotted Serrano, he jumped into the van and made "furtive movements toward the center console." (*Id.* ¶ 8.) After officers pulled Serrano out of the van, they found a loaded nine-millimeter pistol near the center console. (*Id.* ¶ 9.)

Second, Serrano has a serious criminal history. He has three felony convictions for possessing and intending to distribute cocaine and heroin. (*Id.* ¶¶ 27–29.)

Third, there is a need to protect the public from Serrano. He has been convicted of drug trafficking crimes and being a felon in possession of a firearm. The conduct underlying his firearm offense created a danger for the police and public. Maintaining Serrano's supervised release will help keep him from "backslid[ing]." *United States v. Thena*, No. 12-cr-133, 2025 WL 2165937, at *2 (E.D. Pa. July 30, 2025).

Fourth, Serrano's supervised release term fell within the guidelines range of two-to-five years. (Presentence Investigation Report ¶ 67.)

Fifth, the Court is unaware of any policy statements issued by the Sentencing Commission encouraging early termination of Serrano's supervised release.

B

The defendant's conduct and the interest of justice also do not warrant early termination of supervised release. Serrano alleges that he has complied with all the rules and conditions imposed by the Probation Office since his release; that he has had a job for over a year; his urine tests have come up clean; he graduated from trucking school and obtained a commercial driver's license; he is committed to his family; contributes positively to society through his long work hours; and that his sister has expressed pride in his rehabilitation. (Mot. for Early Termination of Supervised Release at 1–2, Dkt. No. 100.) Though Serrano's "good behavior and constructive and rehabilitative actions" are "noteworthy," *United States v. Miller*, No. 23-2932, 2024 WL 4971948, at *3 (3d Cir. Dec. 4, 2024), "good behavior, without more, is insufficient to justify early termination," *Thena*, 2025 WL 2165937, at *2. Serrano has shown no particular hardship caused by the conditions of his supervision. Nor does he present any unforeseen or extraordinary circumstances that show a particular need for early termination. *Melvin*, 978 F.3d at 53 (explaining that extraordinary circumstances may be sufficient to justify early termination).

The Court credits Serrano for his accomplishments and encourages him to satisfactorily complete his term of supervised release.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

3